The following is the case stated by his Honor, so far as the opinion of the court renders it necessary that it shall be given.
The prisoner, Lawson, then a slave, and George, a free man of color, were indicted at Fall Term, 1864, of Cabarrus Superior Court, for a burglary committed upon the dwelling-house of John Petre. . . . On the second day after the burglary had been committed, several persons came together at the house of the prosecutor, to aid him in detecting the perpetrators and recovering his lost property. Information indicated George and Lawson as the criminals. The former lived about three-quarters of a mile from Petre, and Lawson lived (48) about a mile distant in the opposite direction. One of the party went to apprehend George, and two others after Lawson. George was brought first and tied at the house of the prosecutor, and soon afterwards Lawson was produced.
The party endeavored by threats, and by severe whipping, to extort from George a discovery of the stolen property. During a pause in this whipping Lawson said: If you will not whip me, and will go with me, I will show youthe property. The party who had apprehended Lawson had not tied him. They found him at work, and he denied all knowledge of the burglary, and denounced, in strong terms, any one that would rob such a man as old Mr. Petre. He walked with the party to the house of Petre, and was not more than fifteen yards distant from where George was confined, but was the object of very little attention, until he made the remark above recited. Neither threats nor promises had been made to him. After he made the offer, two of the party went with him, and, at the distance of about four hundred yards from the house of the prosecutor, he showed them the stolen property, concealed under a covering of brush. As they returned with the goods, Lawson, without any incitement, stated voluntarily, that he and George hadbroken open the window of the room from which the goods were taken, with anaxe and iron wedge; that George had entered through the window and handedhim the property at the window; that George kept *Page 58 nothing but one bale of cotton-yarn, and he, Lawson, undertook to concealthe remainder of the property until he could sell it for their jointbenefit.
The evidence of the remarks made by Lawson previous to his going for the stolen property, and of the statement made by him after it was found and the party was returning, was objected to by the counsel for the prisoner, but was admitted by the court. And for this the prisoner excepted.
The case of S. v. George, 5 Jones, 233, is one precisely in point here, and we adopt the opinion delivered in that case as our opinion in this.
Every thing that the prisoner said and did, after he had witnessed the torture inflicted upon George, was "with the fear of the lash before his eyes." The party had assembled with a determination to find out the truth by means of the lash, forgetful of the rule, "The end does not justify the means."
There is error. This opinion will be so certified.
PER CURIAM. Venire de novo.
Cited: S. v. Andrew, post, 207; S. v. Lowhorne, 66 N.C. 640.